IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| vs. | : |
| ATLAS LEDERER COMPANY, et al., | : |
| Defendants. | : |

Case No. 3:91cv309

JUDGE WALTER HERBERT RICE

---

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. #793)

---

This litigation arises under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq.  Plaintiff United States of America ("Plaintiff" or "Government") brings this litigation in accordance with § 107(a) of CERCLA, 42 U.S.C. § 9607(a), seeking to recover the costs it has incurred to remediate environmental contamination at the United Scrap Lead Company Superfund Site ("USL Site"or "Site") in Troy, Ohio, from a number of potentially responsible parties ("PRPs").  At that USL Site, the United Scrap Lead Company collected used car, truck and industrial batteries from numerous businesses and individuals.  The batteries were broken open to remove the lead cores and lugs, which caused the USL Site to become contaminated with hazardous substances, including lead and lead contaminated sulphuric acid.  As a

result of that contamination, the Site has been included on the National Priorities List.  See 40 C.F.R. Pt. 300, App. B.  A group of PRPs agreed to fund the remedy which has resulted in the cleanup of the USL Site.

In its Decision of September 28, 2006, this Court overruled the aspect of the Government's Motion for Partial Summary Judgment (Doc. #665), with which it had requested that the Court enter summary judgment against Defendant Larry Katz ("Katz").  See Doc. #705 at 8-9.  Therein, this Court noted that the Government had sought to hold Katz liable as a general partner of Caldwell Iron and Metal ("Caldwell"),[1] that Katz had been a general partner of Caldwell, but that there was a genuine issue of material fact as to whether he had been such a general partner when Caldwell disposed of batteries at the USL Site, given that the Government had failed to submit any evidence with its motion to support that proposition.  Id. at 9.  Nearly three and one-half years later, the Government filed a motion seeking reconsideration of this Court's decision in that regard.  See Doc. #793.  Since the Government has failed to establish any of the reasons, recognized by the Sixth Circuit, that justify courts' reconsideration of their interlocutory decisions, this Court overrules the Plaintiff's Motion for Reconsideration (Doc. #793).

The Government's motion is permitted by Rule 54(b) of the Federal Rules of Civil Procedure, which provides:

> (b) Judgment on Multiple Claims or Involving Multiple Parties.  When an action presents more than one claim for relief--whether as a claim, counterclaim, cross claim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more,

---

[1]This Court had previously concluded that the Government is entitled to summary judgment against Caldwell.  See Doc. #487 at 66-68.

- 2 -

>but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  <u>Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities</u>.

(emphasis added).  See Rodriguez v. Tennessee Laborers Health & Welfare Fund, 89 Fed. Appx. 949, 959 (6th Cir. 2004) (noting that Rule 54(b) authorizes District Courts "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment").  Since this Court has not adjudicated all of the Government's claims, its request for reconsideration is governed by the above, emphasized sentence of Rule 54(b).  In Louisville/Jefferson County Metro Government v. Hotels.com, L.P., 590 F.3d 381 (6th Cir. 2009), the Sixth Circuit noted that "'courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'"[2]  Id. at 389 (quoting Rodriguez, 89 Fed. Appx. at 959).  Accord Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLC, 322 F.3d 147, 167 (2d Cir. 2003).

Herein, the Government has failed to demonstrate the existence of any of those justifications for reconsidering an interlocutory order.  The Government does not argue that there has been a change in the controlling law or that this Court

---

[2]The Sixth Circuit has applied a nearly identical test when determining whether the law of the case doctrine prohibits reconsideration of an earlier decision and whether to grant a motion to alter or to amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  See e.g., Westside Mothers v. Olszewski, 454 F.3d 532, 538 (6th Cir. 2006) (law of the case doctrine), and GenCorp, Inc. v. American Intern. Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (Rule 59(e)).

must reconsider its Decision of September 28, 2006, in order to correct a clear error or to prevent a manifest injustice, thus negating the first and third justifications recognized by the Sixth Circuit in Hotels.com. Rather, with its Motion for Reconsideration (Doc. #793), the Government has submitted evidence, invoices it argues demonstrate that Katz was a general partner of Caldwell when it disposed of lead batteries at the USL Site, that it did not include with its Motion for Partial Summary Judgment (Doc. #665). The invoices, however, do not constitute newly available evidence. On the contrary, the Government points out that it had furnished those invoices as part of the materials supporting its initial Motion for Summary Judgment (Doc. #333).[3] Since the invoices are not newly available, this Court concludes that the Government has failed to establish the second justification identified by the Sixth Circuit in Hotels.com.

Based upon the foregoing, the Court overrules the Government's Motion for Reconsideration (Doc. #793).

June 4, 2010

/s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

---

[3]In its Motion for Partial Summary Judgment (Doc. #665), the Government neither mentioned the invoices nor indicated that they had been furnished in support of its Motion for Summary Judgment (Doc. #333), which had been filed nearly six and one-half years earlier. It bears emphasis that the party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

- 5 -

Copies to:

Counsel of record.