IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:91cv309 |
| vs. | : | JUDGE WALTER HERBERT RICE |
| ATLAS LEDERER COMPANY, et al., | : | |
| Defendants. | : | |

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. #827), TREATED AS A MOTION FOR RECONSIDERATION; DECISION AND ENTRY OVERRULING, AS MOOT, MOTION TO STRIKE THE DECLARATIONS OF JOHN J. O'GRADY AND ANITA BOSEMAN (DOC. #832)

This litigation arises under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq. Plaintiff United States of America ("Plaintiff" or "Government") brings this litigation in accordance with § 107(a) of CERCLA, 42 U.S.C. § 9607(a), seeking to recover the costs it has incurred to remediate environmental contamination at the United Scrap Lead Company Superfund Site ("USL Site" or "Site") in Troy, Ohio, from a number of potentially responsible parties ("PRPs"). At that USL Site, the United Scrap Lead Company collected used car, truck and industrial batteries from numerous businesses and individuals. The batteries were broken open to remove the lead

cores and lugs, which caused the USL Site to become contaminated with hazardous substances, including lead and lead contaminated sulphuric acid. As a result of that contamination, the Site has been included on the National Priorities List. See 40 C.F.R. Pt. 300, App. B. A group of PRPs agreed to fund the remedy which has resulted in the cleanup of the USL Site.

The Government brought this litigation in order to recover the costs it has expended for the cleanup from, among others, Defendant Saul Senser ("Senser").[1] This case is now before the Court on the Government's Motion for Summary Judgment (Doc. #827), with which it has requested that the Court enter summary judgment against Senser on Senser's statute of limitations defense.

As a means of analysis, the Court will initially set forth the procedural standards it must apply whenever it rules on a motion seeking summary judgment under Rule 56 of the Federal Rules of Civil Procedure, incorporating into its discussion the amendments to Rule 56, which became effective December 1, 2010.[2] Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Of course, the moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on

---

[1] Senser died during the pendency of this litigation, and has been replaced as a party defendant by his estate and its executor. This Court has, however, continued to refer to him as Senser and will do so herein.

[2] Plaintiff filed its motion on April 8, 2011.

- 2 -

> file, together with the affidavits, if any," which it believes
> demonstrate the absence of a genuine issue of material fact.

Id. at 323. See also Boretti v. Wiscomb, 930 F.2d 1150, 1156 (6th Cir. 1991) (The moving party has the "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial.") (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir. 1987)). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." Talley v. Bravo Pitino Restaurant, Ltd., 61 F.3d 1241, 1245 (6th Cir. 1995). Read together, Liberty Lobby and Celotex stand for the proposition that a party may move for summary judgment by demonstrating that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed.R.Civ.P. 50). Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). See also Michigan Protection and Advocacy Service, Inc. v. Babin, 18 F.3d 337, 341 (6th Cir. 1994) ("The plaintiff must present more than a scintilla of

evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff."). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. Celotex Corp., 477 U.S. at 324. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment shall be denied "[i]f there are ... 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Hancock v. Dodson, 958 F.2d 1367, 1374 (6th Cir. 1992) (citation omitted). Of course, in determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all <u>reasonable</u> inferences in the favor of that party. Anderson, 477 U.S. at 255 (emphasis added). If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, Federal Practice and Procedure, § 2726. Rule 56(c)(1) provides:

> (c) Procedures.
> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." Interroyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990). See also L.S. Heath & Son, Inc. v. AT&T Information Systems, Inc., 9 F.3d 561 (7th Cir. 1993); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n. 7 (5th Cir.), cert. denied, 506 U.S. 832 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment ...."). See also, Fed. R. Civ. P. 56(c)(3).

As indicated, the Government seeks summary judgment on Senser's statute of limitations defense. In its Decision February 15, 2011, this Court overruled the Government's Motion for Summary Judgment, as it related to Senser's affirmative defense of statute of limitations. See Doc. #822 at 28-36. Since this Court has previously concluded that the Government is not entitled to summary judgment on Senser's affirmative defense of statute of limitations, the Government's motion is one for reconsideration, even though it is captioned as one for summary judgment, and is governed by Rule 54(b) of the Federal Rules of Civil Procedure, which provides:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief--whether as a claim, counterclaim, cross claim, or third-party claim--or when multiple parties are

involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. <u>Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.</u>

(emphasis added). See <u>Rodriguez v. Tennessee Laborers Health & Welfare Fund</u>, 89 Fed. Appx. 949, 959 (6th Cir. 2004) (noting that Rule 54(b) authorizes District Courts "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment"). Since this Court has not adjudicated all of the Government's claims, its request for reconsideration is governed by the above, emphasized sentence of Rule 54(b).

In <u>Westside Mothers v. Olszewski</u>, 454 F.3d 532 (6th Cir. 2006), the court discussed the instances in which it is permissible for a court to reconsider one of its earlier decisions.

> The law of the case doctrine precludes reconsideration of a previously decided issue unless one of three "exceptional circumstances" exists: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice. <u>Hanover Ins. Co. [v. Am. Engineering Co.</u>, 105 F.3d 306, 312 (6th Cir. 1997)].

<u>Id</u>. at 538. Accord <u>Louisville/Jefferson County Metro Government v. Hotels.com, L.P.</u>, 590 F.3d 381, 389 (6th Cir. 2009); <u>United States v. Haynes</u>, 468 F.3d 422, 426 (6th Cir. 2006).

The statute of limitations governing actions brought under CERCLA is set forth in § 113(g)(2) of that statute, which provides:

(2) <u>Actions for recovery of costs</u>

> An initial action for recovery of the costs referred to in section 107 of this title must be commenced—
>> (A) for a removal action, within 3 years after completion of the removal action, except that such cost recovery action must be brought within 6 years after a determination to grant a waiver under section 9604(c)(1)(C) of this title for continued response action; and
>> (B) for a remedial action, within 6 years after initiation of physical on-site construction of the remedial action, except that, if the remedial action is initiated within 3 years after the completion of the removal action, costs incurred in the removal action may be recovered in the cost recovery action brought under this subparagraph.

42 U.S.C. § 9613(g)(2) (emphasis added).

In ruling on Senser's statute of limitations defense, this Court initially set forth the Government's position with respect to that affirmative defense:

> The Government does not contend that it initiated its action against Saul Senser within 3 years of the completion of the removal action. Therefore, it is not relying on §113(g)(2)(A), when asserting that it is entitled to summary judgment on Saul Senser's affirmative defense of statute of limitations. Rather, the Government relies on § 113(g)(2)(B), arguing that it is not prevented by the statute of limitations from recovering the costs it incurred for the remedial action, since its claims against him were filed within 6 years of the initiation of the physical on-site construction of the remedial action; and that, since the remedial action was initiated within 3 years of the completion of removal action, it may also recover the costs it incurred for the removal action.

Doc. # 822 at 29. The Court then noted that, while the Government was entitled to summary judgment on Senser's statute of limitations defense, as it relates to the Government's recovery of its costs for removal actions, genuine issues of material fact precluded summary judgment as it relates to the recovery of its costs for remedial actions.[3] Id. at 30. This Court agreed with the Government that all

---

[3] In GenCorp, Inc. v. Olin Corp., 390 F.3d 433 (6th Cir. 2004), cert. denied, 546 U.S. 935 (2005), the Sixth Circuit addressed the issue of when the statute of limitations for a remedial action begins to run, noting that the term "'remedial action' encompasses only 'those actions consistent with [the] permanent remedy

- 7 -

actions save one, the installation of a well, were timely remedial actions. With respect to the well, the Court wrote that "the Government has not explained why a factfinder could not find that drilling a well to provide safe water to a neighboring resident is consistent with the permanent remedy taken." Id. at 32-33.

In its current motion seeking summary judgment on Senser's statute of limitations defense, the Government states that, "[i]n light the Court's ruling, the United States has reviewed the administrative record and proffers additional facts from that record that conclusively demonstrate that the installation of the well was not consistent with the final remedy and, therefore, was not a statute of limitations triggering action." Doc. #827 at 2. That is not a sufficient reason for this Court to reconsider its Decision of February 15, 2011 (Doc. #822). First, the Government seeks to introduce additional evidence with its request for reconsideration, rather than at trial. Second, the Government has not cited a change in the law. Third, this Court's Decision of February 15, 2011 (Doc. #822), is neither clearly erroneous nor will it work a manifest injustice on the Plaintiff. This Court merely

---

taken ... to prevent or minimize the release of hazardous substances,' and unless a 'remedial action' meeting this requirement has begun, the statute-of-limitations-triggering event cannot occur." Id. at 444 (quoting 42 U.S.C. § 9601(24); bracketed material and ellipses supplied by the Sixth Circuit). Removal actions are defined to include "such actions as may be necessary taken in the event of the threat of release of hazardous substances into the environment." 42 U.S.C. § 9601(23). The Sixth Circuit has noted that removal actions are frequently temporary solutions to emergency situations. See e.g., Franklin County Convention Facilities Auth. v. Am. Premier Underwriters, Inc., 240 F.3d 534, 540 n. 3 (6th Cir. 2001) ("Removal actions . . . usually occur in the context of an emergency, and are considered temporary solutions."); Barmet Aluminum Corp. v. Reilly, 927 F.2d 289, 291 (6th Cir. 1991) ("Removal refers to short-term action taken to halt any immediate risks posed by hazardous wastes.").

decided that the evidence warranted a trial on the issue. The Court did not indicate that the Defendant would prevail on his defense of statute of limitations.

Based upon the foregoing, the Court overrules the Government's Motion for Summary Judgment (Doc. #827), treated as a motion for reconsideration.[4]


November 2, 2011                              /s/ Walter Herbert Rice
                                              WALTER HERBERT RICE, JUDGE
                                              UNITED STATES DISTRICT COURT


Copies to:

Counsel of record.

---

[4] Since the Court has denied the Government's request for summary judgment on the remaining aspect of Senser's statute of limitations defense, the Court overrules, as moot, Senser's Motion to Strike the Declarations of John O'Grady and Anita Boseman (Doc. #832), which were submitted by the Government in support of its motion.

- 9 -