IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | : Case No. 3:91cv309 |
| vs. | : |
| | JUDGE WALTER HERBERT RICE |
| ATLAS LEDERER COMPANY, et al., | : |
| Defendants. | : |

DECISION AND ENTRY OVERRULING DEFENDANT SAUL SENSER'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT IS AT VARIANCE WITH OR INCONSISTENT WITH THE RECORD OF DECISION OR RECORD OF DECISION AMENDMENT (DOC. #839)

This litigation arises under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq. Plaintiff United States of America ("Plaintiff" or "Government") brings this litigation in accordance with § 107(a) of CERCLA, 42 U.S.C. § 9607(a), seeking to recover the costs it has incurred to remediate environmental contamination at the United Scrap Lead Company Superfund Site ("USL Site" or "Site") in Troy, Ohio, from a number of potentially responsible parties ("PRPs"), including Defendant Saul Senser ("Defendant" or "Senser"). At that USL Site, the United Scrap Lead Company collected used car, truck and industrial batteries from numerous businesses and individuals. The batteries were broken open to remove the lead cores and lugs,

which caused the USL Site to become contaminated with hazardous substances, including lead and lead contaminated sulphuric acid. As a result of that contamination, the Site has been included on the National Priorities List. See 40 C.F.R. Pt. 300, App. B. A group of PRPs agreed to fund the remedy which has resulted in the cleanup of the USL Site.

With his Motion in Limine to Exclude Evidence That Is at Variance with or Inconsistent with the Record of Decision or Record of Decision Amendment (Doc. #839), Senser seeks to have this Court preclude the Government from introducing evidence which is inconsistent with the statements in the 1988 Record of Decision ("ROD") and the 1997 Record of Decision Amendments ("RODA") to the effect that drilling the Ishmael well was a remedial action, as opposed to being a removal action. According to Senser, the Government is estopped from arguing the contrary. The Government contends that Senser's motion is "tantamount to a motion to prevent the United States from presenting its case at trial." Doc, #856 at 3. In addition, the Government points out that the U.S. Army Corps of Engineers, the organization which constructed the Ishmael well, referred to all activity occurring between 1992 and 1995, including the construction of that well, as a removal action. See Supplement to 1994 Alternative Array Report at 8.

In White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472 (6th Cir. 2010), the Sixth Circuit recently restated principles governing application of the doctrine of judicial estoppel:

> The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (citation omitted). This doctrine is "utilized in order to preserve 'the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship.'"

> Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002); see also Eubanks [v. CBSK Financial Group, Inc., 385 F.3d 894, 897 (6th Cir. 2004)}. ("Judicial estoppel, however, should be applied with caution to 'avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement.'").

Id. at 476.

Herein, Senser has not demonstrated that the United States prevailed in one phase of this litigation by stating in the ROD and the RODA that the drilling of the Ishmael well was a remedial action. Moreover, in at least one official document, the Government described that activity as a removal action.

Accordingly, the Court overrules Senser's Motion in Limine to Exclude Evidence That Is at Variance with or Inconsistent with the Record of Decision or Record of Decision Amendment (Doc. #839).

December 16, 2011

_____
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record.