IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | | Case No. 3:91cv309 |
| vs. | : | |
| | | JUDGE WALTER HERBERT RICE |
| ATLAS LEDERER COMPANY, et al., | : | |
| Defendants. | : | |

---

DECISION AND ENTRY OVERRULING DEFENDANT SAUL SENSER'S MOTION IN LIMINIE TO EXCLUDE ANY EXPERT EVIDENCE OR TESTIMONY OFFERED BY PLAINTIFF (DOC. #840)

---

This litigation arises under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq. Plaintiff United States of America ("Plaintiff" or "Government") brings this litigation in accordance with § 107(a) of CERCLA, 42 U.S.C. § 9607(a), seeking to recover the costs it has incurred to remediate environmental contamination at the United Scrap Lead Company Superfund Site ("USL Site" or "Site") in Troy, Ohio, from a number of potentially responsible parties ("PRPs"), including Defendant Saul Senser ("Defendant" or "Senser"). At that USL Site, the United Scrap Lead Company collected used car, truck and industrial batteries from numerous businesses and individuals. The batteries were broken open to remove the lead cores and lugs,

which caused the USL Site to become contaminated with hazardous substances, including lead and lead contaminated sulphuric acid. As a result of that contamination, the Site has been included on the National Priorities List. See 40 C.F.R. Pt. 300, App. B. A group of PRPs agreed to fund the remedy which has resulted in the cleanup of the USL Site.

This litigation is currently before the Court on Defendant's Motion in Limine to Exclude any Expert Evidence or Testimony Offered by the Plaintiff (Doc. #840). With that motion, Senser seeks to prevent the Government from offering expert testimony from John O'Grady ("O'Grady") and Anita Boseman (Boseman). Therein, Senser points out that the Government did not identify either of those individuals as expert witnesses in response to his Interrogatories, nor has it furnished expert reports from them. The Government states that this motion should be overruled, given that neither O'Grady nor Boseman will testify as an expert witness.

In particular, Senser focuses on ¶¶ 4-6, 8, 10-14, 17, 19-26 and 28 of O'Grady's Declaration dated August 26, 2011 ("2011 Declaration"),[1] and asserts:

> Specifically, paragraphs 4-6, 8, 10-14, 17, 19-26 and 28 all contain O'Grady's opinions and observations after reviewing the documentation relating to the site and his opinion as to what these documents mean and the ramifications therefrom. This is not lay witness fact testimony, but is proffered expert testimony by an environmental person who has purportedly worked for USEPA for more than twenty years in various capacities.

---

[1] O'Grady has submitted two additional Declarations in this litigation, one dated May 25, 1999, and the other June 29, 2006. Copies of those Declarations are appended to Doc. #834. A copy of his 2011 Declaration is attached to Doc. #827.

- 2 -

Doc. #840 at 3-4. In the sentence that follows, Senser states that "[t]he same thing is true for Anita Boseman." He has not, however, identified which paragraphs in her Declaration are offensive, and the Court will not go through that document paragraph by paragraph to determine whether its content demonstrates that she will give expert, opinion testimony. Therefore, the Court focuses exclusively upon O'Grady's 2011 Declaration herein.

According to the Defendant, the Court cannot permit O'Grady to testify as an expert witness, because he has not provided an expert's report, as required by Rule 26(a)(2). Presently, the Court cannot agree with Senser that O'Grady will offer inadmissible, expert testimony; therefore, the failure to provide such a report does not disqualify him from testifying. A determination as to whether the context in which the evidence in question is offered would cause the Court to conclude that O'Grady and/or Boseman is offering expert testimony must await the trial of this litigation. The Court does note, however, that the trial date of this litigation has been continued. The Court would look favorably on a request by Senser to depose O'Grady and/or Boseman in the period before commencement of the trial of this litigation.[2]

O'Grady was the Remedial Project Manager for the USL Site from May, 1996, to January, 2000. As such he was the designated federal official responsible for cleanup activities the USL Site. O'Grady 2011 Declaration at ¶ 3. In ¶¶ 4-6 of his 2011 Declaration, O'Grady explains, in general terms, the remedial investigation/feasibility study process, the development of a ROD and remedial

---

[2]Although neither O'Grady nor Boseman has furnished a report of his or her anticipated testimony, each has provided at least one declaration, which fulfill that purpose, by being a roadmap to the anticipated testimony from each of them.

design and the construction of the remedy. In ¶ 8 of his 2011 Declaration, he discusses the Ishmael well, based upon his experience at the USL Site, and states that it part of an interim action to protect the public, while the EPA evaluated and selected a final remedy, and that the well was not adopted as part of the final remedy for the cleanup of the USL Site in 1997, an event that took place while he was the project manager at the USL Site. In ¶¶ 10-14 of his 2011 Declaration, O'Grady discusses the adoption of the initial ROD (referred to as the "innovative remedy") and the decision not to implement it. In ¶ 13, he also states that labeling interim work as the "Phase I Remedial Action" is a misnomer, given that the selected remedy had been withdrawn when the work occurred in 1993, and, further, because the EPA had not selected the final remedy at that point. In ¶ 17 of his 2011 Declaration, O'Grady reviews the health risks posed by exposure to lead. In ¶¶ 19-26 and 28 of his 2011 Declaration, O'Grady explains in detail why nothing in the selected remedy required any groundwater-focused remedial measures, such as providing an alternative water supply or groundwater treatment. After reviewing the allegedly offensive paragraphs in O'Grady's 2011 Declaration, this Court concludes that all of his intended testimony appears to be information that he personally learned about the cleanup of the USL Site and the manner in which such matters generally progress.

In sum, in the absence of a specific context, none of the allegedly offensive paragraphs from O'Grady's 2011 Declaration, demonstrates that he will present opinion testimony. Accordingly, the Court overrules the Defendant's Motion in Limine to any Exclude Expert Evidence or Testimony Offered by the Plaintiff

(Doc. #840). This ruling is without prejudice to objecting to any testimony by O'Grady and/or Boseman at trial.

December 19, 2011

                                              WALTER HERBERT RICE, JUDGE
                                              UNITED STATES DISTRICT COURT

Copies to:

Counsel of record.