IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,           :

        Plaintiff,                  :
                               Case No. 3:91cv309
        vs.                         :
                               JUDGE WALTER HERBERT RICE
ATLAS LEDERER COMPANY, et al.,      :

        Defendants.                 :

---

DECISION AND ENTRY OVERRULING MOTION IN LIMINE OF
DEFENDANT SAUL SENSER TO EXCLUDE THE DEPOSITION OF
CHARLES BAILEN (DOC. #870)

---

This litigation arises under the Comprehensive Environmental Response,
Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq.  Plaintiff
United States of America ("Plaintiff" or "Government") brings this litigation in
accordance with §107(a) of CERCLA, 42 U.S.C. § 9607(a), seeking to recover the
costs it has incurred to remediate environmental contamination at the United Scrap
Lead Company Superfund Site ("USL Site"or "Site") in Troy, Ohio, from a number
of potentially responsible parties ("PRPs"), including Defendants Saul Senser
("Senser") and Senser Metal Company ("Senser Metal").  At that USL Site, the
United Scrap Lead Company collected used car, truck and industrial batteries from
numerous businesses and individuals.  The batteries were broken open to remove

the lead cores and lugs, which caused the USL Site to become contaminated with hazardous substances, including lead and lead contaminated sulphuric acid. As a result of that contamination, the Site has been included on the National Priorities List. See 40 C.F.R. Pt. 300, App. B. A group of PRPs agreed to fund the remedy which has resulted in the cleanup of the USL Site.

This litigation is now before the Court on Senser's Motion in Limine to Exclude the Deposition of Charles Bailen (Doc. #870), one of the operators of the USL Site. Charles Bailen ("Bailen") was deposed during four sessions, covering a number of days, to wit: during a three-day period between August 7-9, 1995, and on September 26, 1996, February 20, 1997, and January 22, 1999. Counsel for Senser Metal attended the sessions of the Bailen's deposition conducted in August, 1995, and February, 1997. Although counsel for Senser Metal did not attend the sessions conducted on September 26, 1996, and January 22, 1999, he was given timely notice that Bailen would be deposed on those days. Each of the sessions of Bailen's deposition occurred before Senser, as an individual, became a party to this litigation, although Senser Metal was a party–Defendant at the time.

Senser argues that Bailen's deposition testimony must be excluded, because it does not comply with Rule 32 of the Federal Rules of Civil Procedure. The Government counters by asserting that Bailen's deposition is admissible in accordance with Rule 804 of the Federal Rules of Evidence, given that he has died.[1] The Government's argument raises the question of whether compliance with

---

[1]According, to Senser, the Government cannot rely on Rule 804(a)(4), since it has failed to provide notice of Bailen's demise. This Court cannot agree, given that the Government provided notice of Bailen's death when it and the settling PRPs filed their Joint Motion to Appoint Receiver to Carry Out Obligations of Settling Owner/Operator Defendants under Consent Decree (Doc. #727).

Rule 804 is both a necessary <u>and</u> sufficient basis for admitting deposition

testimony, or merely a necessary condition to its admissibility.  To answer that

question, the Court turns to Rule 32, which provides in relevant part:

> (a) <u>Using Depositions</u>.
> (1) <u>In General</u>.  At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>> (C) the use is allowed by Rule 32(a)(2) through (8).
>> *        *        *
> (4) <u>Unavailable Witness</u>.  A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>> (A) that the witness is dead;
>> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
>> (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
>> (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or
>> (E) on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be used.
> (5) <u>Limitations on Use</u>.
>> (A) <u>Deposition Taken on Short Notice</u>.  A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place--and this motion was still pending when the deposition was taken.
>> (B) <u>Unavailable Deponent; Party Could Not Obtain an Attorney</u>.  A deposition taken without leave of court under the unavailability provision of Rule 30(a)(2)(A)(iii) must not be used against a party who shows that, when served with the notice, it could not, despite diligent efforts, obtain an attorney to represent it at the deposition.
> (6) <u>Using Part of a Deposition</u>.  If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts

- 3 -

that in fairness should be considered with the part introduced, and any party may itself introduce any other parts.

(7) <u>Substituting a Party</u>. Substituting a party under Rule 25 does not affect the right to use a deposition previously taken.

*   *   *

Senser points out that, although Senser Metal attended or had notice of the various sessions of Bailen's deposition, he (Senser) neither attended nor was given notice of same. Although the Court agrees with Senser's factual predicate (i.e., that he personally neither attended nor was given notice of any session of Bailen's deposition), it does not consider Senser's assertion to serve as the basis for excluding that deposition testimony from the trial of this litigation.

As an initial matter, in reaching that conclusion, the Court rejects the Government's assertion that the admissibility of Bailen's deposition testimony under Rule 804 of the Federal Rules of Evidence is a sufficient reason, standing alone, to admit same at trial, regardless of whether Rule 32 allows Bailen's deposition testimony to be so utilized. In support of that proposition, the Government relies upon <u>Ueland v. United States</u>, 291 F.3d 993, 996 (7th Cir. 2002), a decision which does not support its premise. Therein, the Seventh Circuit initially addressed the issue of whether a deposition could be utilized in accordance with Rule 32, concluding that it could, before considering whether it had to be excluded as hearsay. <u>See also</u> 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2142 at 648-49. Accordingly, this Court must initially decide whether Bailen's deposition may be used in accordance with Rule 32, in addition to determining whether it must be excluded as hearsay, and concludes that compliance with Rule 804, although a necessary predicate for

- 4 -

admissibility, is not, alone, a sufficient one. Thus, the Court turns to the admissibility of Bailen's deposition under Rule 32.

As indicated, Bailen was deposed before Senser became a party–Defendant in this litigation, although his company, Senser Metal, was then a party. Nevertheless, this Court concludes that the Rule 32(a)(1), permits the use of Bailen's deposition testimony in the trial against Senser. In particular, this Court concludes, in accordance with Rule 32(a)(1)(A), that Senser was represented by Senser Metal when Bailen was deposed. Although this Court has concluded that there is a genuine issue of material fact concerning the first prong of the Belvedere test,[2] and, thus, whether Senser Metal's corporate veil can be pierced, the uncontroverted evidence establishes that there was a close relationship between Senser and Senser Metal. For instance, Senser was the sole shareholder and director of that corporation. He was also Senser Metal President and its only officer. Moreover, the evidence establishes that Senser negotiated contracts with the owner/operator of the facilities where the waste batteries were to be disposed. Under these circumstances, the Court concludes that Senser was "represented" during the deposition of Bailen, given that any liability imposed upon Senser Metal to pay for the cleanup of the USL Site would most decidedly impact Senser, himself. Stated somewhat differently, a loss suffered by Senser Metal, as a result of being forced to contribute to the cleanup of the USL Site, would cause Senser to suffer a similar loss.

_____

[2]Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc., 67 Ohio St.3d 274, 617 N.E.2d 1075 (1993). The first prong of the Belvedere test asks whether "control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own." Id. at 289, 617 N.E.2d at 1086.

In addition, the Court concludes that, as required by Rule 32(a)(1)(C),[3] Bailen's deposition testimony is allowed by Rule 32(a)(2) through (8). In particular, Rule 32(a)(4) permits the use of a deposition when the witness is unavailable, through death.

Under similar circumstances, courts have reached the same conclusion as this Court herein. In Ikerd v. Lapworth, 435 F.2d 197 (7th Cir. 1970), the passenger of a motor vehicle, Knoblett, was injured in an automobile accident and brought a product liability action against the vehicle's seller. His action was consolidated with that brought by automobile's driver, Ikerd. Before Knoblett had initiated his action, the deposition of a witness was taken in Ikerd's lawsuit. Knoblett objected to the use of that deposition as substantive evidence against him, since he had not had the opportunity to participate in same, given the witness had been deposed before he (Knoblett) had filed suit. Nevertheless, the District Court permitted a transcript of the deposition to be read as substantive evidence during the trial. On appeal, the Seventh Circuit affirmed, rejecting Knoblett's assertion that the deposition could not be used against him as substantive evidence. In support thereof, the Ikerd court wrote that "[a]lthough it is generally the rule that a deposition is not admissible as to one not having the opportunity to be represented at its taking, the presence of an adversary with the same motive to cross–examine the deponent and [an] identity of issues in the case in which the

---

[3]Under Rule 32(a)(1)(B), the deposition testimony can be used only to the extent that it would be admissible under the Federal Rules of Evidence, if the deponent were present and testifying. Whether the portions of Bailen's deposition testimony which the Government wants to be read at trial contain inadmissible hearsay must be decided at the time of trial.

deposition was taken with the one in which it is sought to be used provide a well-recognized exception to the rule." Id. at 205.

Based upon all of the foregoing, this Court concludes that Bailen's deposition testimony is admissible under Rule 32(a). Accordingly, this Court turns to the question of whether that deposition testimony is generally admissible under an exception to the prohibition of the admission of hearsay evidence.[4] See Fed R. Evid. 802. See also, Fed R. Evid. 801(c) (defining hearsay as a statement made by the declarant, while not testifying at the current trial or hearing, offered in evidence to prove the truth of the matter asserted therein). The Government argues that Bailen's deposition testimony comes within an exception to the hearsay rule set forth in Rule 804 of the Federal Rules of Evidence. This Court agrees. In pertinent part, Rule 804 provides:

> Rule 804. Exceptions to the Rule Against Hearsay--When the Declarant Is Unavailable as a Witness
> (a) Criteria for Being Unavailable. A declarant is considered to be unavailable as a witness if the declarant
>                 *              *              *
> (4) cannot be present or testify at the trial or hearing because of death or a then–existing infirmity, physical illness, or mental illness;
>                 *              *              *
> (b) The Exceptions. The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
> (1) Former Testimony. Testimony that:
>     (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>     (B) is now offered against a party who had--or, in a civil case, whose predecessor in interest had--an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

---

[4]The Court only addresses the general admissibility of Bailen's deposition testimony. If particular questions are objectionable for other reasons, such objections must be raised during trial. See Footnote 3, supra.

Herein, Bailen is unavailable since he has died. <u>See</u> Footnote 1, <u>supra</u>. In addition, based upon the Court's discussion of Rule 32(a), it concludes that Bailen's deposition testimony comes within the exception for former testimony. Bailen's testimony was given as a witness in a lawful deposition. In addition, that testimony will be offered against a party who had the opportunity and motive to develop that deposition testimony by cross-examination.

Finally, Senser argues that Bailen's deposition testimony must be excluded in accordance with Rule 403 of the Federal Rules of Evidence. In particular, he contends that Bailen's deposition was one-sided and that he had no opportunity to object or to cross-examine Bailen. Doc. #870 at 5.[5] Senser has not supported that argument by citation to Bailen's deposition testimony or to other evidence. Senser's counsel either attended or was given notice of every session of Bailen's deposition. Accordingly, the Court declines to preclude the admission of Bailen's depositions under Rule 403.

Based upon the foregoing, the Court overrules Senser's Motion in Limine to Exclude the Deposition of Charles Bailen (Doc. #870).


January 10, 2012

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT


Copies to:

Counsel of record.

_____

[5]Although not specifically stated, the Court assumes Senser to be arguing that the probative value of the evidence is outweighed by the danger of unfair prejudice.