IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | Case No. 3:91cv309 |
| vs. : | JUDGE WALTER HERBERT RICE |
| ATLAS LEDERER COMPANY, et al., : | |
| Defendants. : | |

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN
PART PLAINTIFF'S MOTION IN LIMINE (DOC. #841)

---

This litigation arises under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq. Plaintiff United States of America ("Plaintiff" or "Government") brings this litigation in accordance with §107(a) of CERCLA, 42 U.S.C. § 9607(a), seeking to recover the costs it has incurred to remediate environmental contamination at the United Scrap Lead Company Superfund Site ("USL Site"or "Site") in Troy, Ohio, from a number of potentially responsible parties ("PRPs"), including Defendants Saul Senser ("Senser") and Senser Metal Company ("Senser Metal"). At that USL Site, the United Scrap Lead Company collected used car, truck and industrial batteries from numerous businesses and individuals. The batteries were broken open to remove the lead cores and lugs, which caused the USL Site to become contaminated with

hazardous substances, including lead and lead contaminated sulphuric acid. As a result of that contamination, the Site has been included on the National Priorities List. See 40 C.F.R. Pt. 300, App. B. A group of PRPs agreed to fund the remedy which has resulted in the cleanup of the USL Site.

This litigation is currently before the Court on the Government's Motion in Limine (Doc. #841). Although all Gaul was divided into a mere three parts,[1] the United States has filed a seven-branch motion, seeking rulings from the Court on the following questions, to wit: 1) a ruling that there are only two issues to be resolved at trial, the first prong of the Belvedere test and whether the drilling of the Ishmael well was a removal or a remedial action, a factual issue that the Government suggests is dispositive of Senser's statute of limitations defense; 2) a ruling that confirms the Court's prior determination that the summary of invoices relating to sales of batteries by Senser Metal has been properly authenticated and is admissible under Rule 1006 of the Federal Rules of Evidence; 3) a ruling that the administrative deposition of Senser taken by the Government is admissible at trial as the statement of a party opponent in accordance with Rule 801(d)(2) of the Federal Rules of Evidence; 4) a ruling that certain statements in Senser Metal's Answers to Interrogatories and Senser's Affidavit are irrefutable judicial admissions; 5) a ruling that Senser's failure to produce certain documents creates an adverse inference that such documents never existed; 6) a ruling that certain documents from the certified administrative record qualify as business records under Rule 803(6) and are self authenticating under Rule 904(2) and (11); and 7) a

---

[1] The first sentence of Book 1, Chapter 1, of Caesar's Commentaries, proclaims "Galliae est omnis divisa in partes tres."

-2-

ruling that Senser Metal's answers to requests for admission are admissible as statements of a party opponent under Rule 801(d)(2)(A). The Court will address the branches of the Government's motion in the above order.

1. A Ruling That There Are Only Two Issues to Be Resolved at Trial, the First Prong of the Belvedere test and Whether the Drilling of the Ishmael Well Was a Removal or a Remedial Action, a Factual Issue That the Government Suggests Is Dispositive of Senser's Statute of Limitations Defense

In opposing this branch of the Government's motion, Senser initially argues that an additional issue must be resolved, to wit: whether he can be held jointly and severally liable with the other PRPs in accordance with Burlington & Santa Fe Ry. Co. v. United States, 556 U.S. 559 (2009). This Court does not agree, given that it has repeatedly rejected Senser's assertion in that regard and sees no purpose in repeating what it has previously written. In the absence of binding, post-Burlington & Santa Fe authority by the Supreme Court or from the Sixth Circuit which casts doubt on this Court's previous analysis of Burlington & Santa Fe, this Court will not trod that fallow ground again. Rather, Senser must seek relief from the imposition of joint and several liability in the Sixth Circuit, if final judgment has been entered against him herein.

In addition, Senser states that he is concerned by the Government's request in the final sentence of this branch of its motion to the effect that it is seeking an order excluding all evidence relating to previously resolved issues. This Court will not grant the Government such an order. If Senser attempts to introduce evidence that is not relevant to the remaining issues in this litigation, the Court expects that

the Government will object and the parties can argue whether the evidence is relevant, rather than whether it's introduction violates the requested order.

Accordingly, the Court sustains in part and overrules in part this branch of the Government's motion. The Court sustains that motion as it relates to the Government's request that the Court hold that the only issues remaining to be resolved in this litigation are the first prong of the <u>Belvedere</u> test and whether the Ishmael well was a removal or remedial action and overrules same as it relates to the Government's open-ended request for an order excluding all evidence relating to previously resolved issues. In addition, the Court has declined to revisit, once again, the impact of <u>Burlington & Santa Fe</u> on the question of Senser's joint and several liability.

## 2. A Ruling That Confirms the Court's Prior Determination That the Summary of Invoices Relating to Sales of Batteries by Senser Metal Has Been Properly Authenticated and Is Admissible under Rule 1006 of the Federal Rules of Evidence

In support of its Renewed Motion for Summary Judgment against Saul Senser, the Government submitted a summary of Senser Metal's sales of scrap batteries to United Scrap Lead. <u>See</u> Doc. #756 at Ex. 8. The summary was prepared by Deloris Johnson ("Johnson"), a paralegal employed by the Regional Counsel's Office of the EPA. Her Declaration was attached to the summary. The Government seeks to have the summary of those invoices introduced into evidence without the need to call Johnson as a witness. Senser objects on numerous bases. Although this Court rejects most of them, it does agree with him that the summary can only be introduced through Johnson's testimony.

Rule 1006 provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Recently, the Sixth Circuit discussed Rule 1006, writing:

> In applying Rule 1006, this Court has held that the Rule imposes five requirements for the admission of summary evidence: (1) the underlying documents are so voluminous that they cannot be conveniently examined in court; (2) the proponent of the summary must have made the documents available for examination or copying at a reasonable time and place; (3) the underlying documents must be admissible in evidence; (4) the summary must be accurate and nonprejudicial; and (5) the summary must be properly introduced through the testimony of a witness who supervised its preparation.

United States v. Moon, 513 F.3d 527, 545 (6th Cir. 2008) (citing United States v. Jamieson, 427 F.3d 394, 409 (6th Cir. 2005)). The language of Rule 1006 demonstrates that the burden is on the proponent of the summary to establish its admissibility. Whether to admit a summary is committed to the discretion of the trial court. Moon, 513 F.3d at 545.

Herein, Senser objects to the admissibility of the summary on the first and third through fifth grounds. The Court addresses those four objections in the above order.

First, Senser argues that only 115 invoices have been summarized, a number he describes as less than voluminous. He has failed, however, to cite any authority holding that such a number is inadequate, as a matter of fact or of law, to constitute voluminous. Thus, this Court cannot agree with the Defendant.

-5-

Second, it is not questioned that the proponent of the summary must establish that the documents which are being summarized are admissible under an exception to the hearsay rule. Herein, this Court determined in its Expanded Opinion of September 12, 2001, that those documents are admissible as ancient documents in accordance with Rule 803(16). Doc. #487 at 15-19. There is no reason to revisit that determination herein.

Third, Senser argues that the summary provided by the Government is neither accurate nor nonprejudicial. He has, however, failed to demonstrate the converse: that the summary is either inaccurate or prejudicial.

Fourth, Senser argues that the summary can be introduced only through the testimony of Johnson, the individual who prepared it. The Court agrees with Senser, given that Rule 1006(5) explicitly so provides.

Accordingly, the Court overrules this branch of the Government's Motion in Limine (Doc. #841), although it rejects most of Senser's objections to the admissibility of the summary, save and except his challenge to their admissibility without testimony from Johnson. The Court has concluded that Johnson must testify in person in order to establish the admissibility of the summary of invoices.

### 3. A Ruling That the Administrative Deposition of Senser Taken by the Government Is Admissible at Trial as the Statement of a Party Opponent in Accordance with Rule 801(d)(2) of the Federal Rules of Evidence

The Court will resolve this issue when it rules on Senser's Motion in Limine to Exclude the Administrative Deposition of Saul Senser (Doc. #838).

## 4. A Ruling That Certain Statements in Senser Metal's Answers to Interrogatories and Senser's Affidavit Are Irrefutable Judicial Admissions

As indicated, the Government argues that Senser's Affidavit and Answers to Interrogatories are not only admissible, but also irrefutable judicial admissions. The Interrogatories initially were directed at Senser Metal. Senser signed the Answers to them under oath. In opposing this branch of the Government's motion, Senser argues that an answer to an interrogatory can be used only against the party to whom it was directed. Since the Interrogatories were directed at Senser Metal, Senser's argument continues, they cannot be used against him. This Court cannot agree. Rule 33(c) of the Federal Rules of Civil provides that "[a]n answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence." Accordingly, this Court turns to the question of whether the Federal Rules of Evidence permit Senser's Answers to the Interrogatories to be introduced into evidence.

The Government argues that those Answers are admissible in accordance with Rule 801(d)(2)(A) of the Federal Rules of Evidence, which provides that a statement by a party opponent in his personal or representative capacity is not hearsay. Senser answered the Interrogatories in his official capacity as President of Senser Metal. Accordingly, the Court concludes that certain of the Answers to the Interrogatories are admissible.

Senser submitted his Affidavit to support his Motion for Summary Judgment on the Statute of Limitations (Doc. #684). Thus, he signed it in his personal capacity, and the Court concludes that the affidavit is admissible in accordance with Rule 801(d)(2)(A).

-7-

The Government also requests that the Court hold that the Answers to Interrogatories and Senser's Affidavit are judicial admissions. This Court will decline to do. The Sixth Circuit has held that in order for a statement to constitute a judicial admission it must, <u>inter alia</u>, constitute a deliberate waiver of the right to present evidence to the contrary. <u>MacDonald v. General Motors Corp.</u>, 110 F.3d 337, 340-41 (6th Cir. 1997). This Court cannot find that answering interrogatories and/or submitting an affidavit constitutes a deliberate waiver of the right to present evidence on the point or points covered therein.

Accordingly, the Court sustains in part and overrules in part this branch of the Government's Motion in Limine (Doc. #841). That motion is sustained to the extent that the Government argues that certain of Senser's Answers to Interrogatories and his Affidavit are admissible in evidence at trial, and overruled to the extent that the Government sought a finding that same constitute irrefutable, judicial admissions. Which answers are admissible will be determined at trial in accordance with Fed. R. Evid. 401- 403.

## 5. A Ruling That Senser's Failure to Produce Certain Documents Creates an Adverse Inference That Such Documents Never Existed

The Government points out that Senser failed to produce many documents, and requests that the Court instruct the jury that Senser's failure to produce corporate records of Senser Metal creates an inference that such records never existed. In particular, the Government points to the failure to produce minutes of shareholder's and director's meetings for Senser Metal. The Sixth Circuit has indicated that where relevant information is in the possession of one party and not

produced, an adverse inference may be drawn that the information would be harmful to the party which failed to produce it. Clay v. United Parcel Service, Inc., 501 F.3d 695, 712 (6th Cir. 2007) (quoting McMahan & Co. v. Po Folks, Inc., 206 F.3d 627, 632-33 (6th Cir. 2000). In both Clay and McMahan, the Sixth Circuit drew the adverse inference in order to overcome a motion for summary judgment. The Sixth Circuit did not indicate in either decision that the jury should be instructed that it should draw such an inference. In the absence of Sixth Circuit precedent indicating that a jury should be given an adverse inference instruction, this Court will decline to do so. Of course, the Government is free to argue to the jury that it may draw such an inference.

Accordingly, the Court overrules this branch of the Government's Motion in Limine (Doc. #841).

## 6. A Ruling That Certain Documents from the Certified Administrative Record Qualify as Business Records under Rule 803(6) of the and Are Self Authenticating under Rule 904(2) and (11)

With this branch of its motion, the Government seeks to introduce documents in the administrative record as self-authenticating, in accordance with Rule 902(4) and (11) of the Federal Rules of Evidence, as business records, under Rule 803(6). The Court addresses the two Government's two requests in the above order.

Rule 902(4) and (11) provide:

902. Evidence That Is Self-Authenticating
The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

* * *

(4) Certified Copies of Public Records. A copy of an official record--or a copy of a document that was recorded or filed in a public office as authorized by law--if the copy is certified as correct by:
> (A) the custodian or another person authorized to make the certification; or
> (B) a certificate that complies with Rule 902(1), (2), or (3), a federal statute, or a rule prescribed by the Supreme Court.

* * *

(11) Certified Domestic Records of a Regularly Conducted Activity. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection--so that the party has a fair opportunity to challenge them.

Regardless of whether Rule 902(11) permits this Court to conclude that the administrative record is self-authenticating, this Court concludes that the documents are self-authenticating in accordance with Rule 902(4). They bear the signature of a public official, Robert Kaplan ("Kaplan"),[2] and have been certified by the Declaration of Lynn Mershon Calvin ("Calvin"), a Records Officer for Region 5 of the EPA since 1991.

Having concluded that the documents in the administrative record are self-authenticating, the Court turns to the question of whether they are admissible business records in accordance with 803(6), which provides:

> Rule 803. Exceptions to the Rule Against Hearsay--Regardless of Whether the Declarant Is Available as a Witness
> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
> * * *

---

[2]Kaplan is Regional Counsel for Region 5 of the EPA.

> (6) <u>Records of a Regularly Conducted Activity</u>. A record of an act, event, condition, opinion, or diagnosis if:
>> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>> (C) making the record was a regular practice of that activity;
>> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

In her Declaration, Calvin, the custodian of the docments, states that the documents in the Administrative Record were made at or near the time of the occurrence of the events reflected therein, by someone with knowledge and kept in the ordinary course of business (the predecessor term for the more pedestrian "regularly conducted business activity"). Moreover, there is no indication of a lack of trustworthiness.

Accordingly, the Court sustains this branch of the Government's Motion in Limine (Doc. #841).

## 7. A Ruling That Senser Metal's Answers to Requests for Admission Are Admissible as Statements of a Party Opponent under Rule 801(d)(2)

With this branch of its motion, the Government requests that the Court declare that Senser Metal's Answers to Requests for Admission are admissible in accordance with Rule 802(d)(2)(A). That document was signed by counsel for Senser Metal. Senser did not sign the Answers. Although the Government argues that the Answers are admissible in accordance with Rule 801(d)(2)(A),

they are not statements by Senser. Accordingly, the Court overrules this branch of the Government's Motion in Limine (Doc. #841).

Based upon the foregoing, the Court sustains in part and overrules in part the Plaintiff's Motion in Limine (Doc. #841).

January 11, 2012

*(signature)*
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record.