IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3: 91-CV-309 |
| v. ) | |
| ) | |
| THE ATLAS-LEDERER COMPANY, *et al.*, ) | Judge Walter H. Rice |
| ) | |
| ) | |
| Defendants. ) | |

## CONSENT DECREE WITH DEFENDANTS ACE IRON & METAL COMPANY AND ALAN LEVINE

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 3 |
| II. | JURISDICTION | 3 |
| III. | PARTIES BOUND | 4 |
| IV. | DEFINITIONS | 4 |
| V. | STATEMENT OF PURPOSE | 5 |
| VI. | PAYMENT OF RESPONSE COSTS | 5 |
| VII. | FAILURE TO COMPLY WITH CONSENT DECREE | 6 |
| VIII. | COVENANTS BY PLAINTIFF | 7 |
| IX. | RESERVATION OF RIGHTS BY UNITED STATES | 8 |
| X. | COVENANTS BY SETTLING DEFENDANTS | 8 |
| XI. | EFFECT OF SETTLEMENT/CONTRIBUTION | 9 |
| XII. | CERTIFICATIONS BY SETTLING DEFENDANTS | 10 |
| XIII. | NOTICES AND SUBMISSIONS | 11 |
| XIV. | RETENTION OF JURISDICTION | 12 |
| XV. | INTEGRATION/APPENDICES | 12 |
| XVI. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 12 |
| XVII. | SIGNATORIES/SERVICE | 12 |
| XVIII. | FINAL JUDGMENT | 13 |

# I.    BACKGROUND

A.    The United States of America ("United States"), on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA"), filed a complaint and amended complaints in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking, *inter alia*, reimbursement of response costs incurred or to be incurred in connection with the release or threatened release of hazardous substances at the United Scrap Lead Superfund Site in Concord Township, Miami County, Ohio ("the Site"), together with accrued interest.

B.    In response to the release or threatened release of hazardous substances at or from the Site, EPA undertook response actions at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604. In performing response actions at the Site, EPA has incurred response costs.

C.    The Court has held that Defendants Ace Iron & Metal Company and Alan Levine ("Settling Defendants") are responsible parties pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and are jointly and severally liable for response costs incurred and to be incurred at the Site, together with interest.

D.    The Settling Defendants that have entered into this Consent Decree do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

E.    The United States has reviewed the Financial Information submitted by Settling Defendants to determine whether Settling Defendants are financially able to pay response costs incurred and to be incurred at the Site. Based upon this Financial Information, the United States has determined that Settling Defendants have limited financial ability to pay for response costs incurred and to be incurred at the Site.

F.    The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without any further adjudication of any issue of fact or law is appropriate, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED:

## II.    JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants. Solely for the purposes of this Consent Decree and the underlying complaints, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

### III.  PARTIES BOUND

2.    This Consent Decree is binding upon the United States and upon Settling Defendant and their heirs, successors and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

### IV.  DEFINITIONS

3.    Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675, as amended.

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

"Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the U.S. Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Financial Information" shall mean those financial documents identified in **Appendix B**.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

"National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and Settling Defendants.

"Plaintiff" shall mean the United States.

"RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendants" shall mean Ace Iron & Metal Company and Alan Levine.

"Site" shall mean the United Scrap Lead Superfund Site, encompassing approximately 25 acres, located at 2117 South County Road 25A, in Concord Township, Miami County, Ohio, and depicted more clearly on the map included in **Appendix A**.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V.     STATEMENT OF PURPOSE

4.      By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendants to make a cash payment to resolve their civil liability for the Site under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, as provided in the Covenants by Plaintiff in Section VIII, and subject to the Reservations of Rights by United States in Section IX.

## VI.    PAYMENT OF RESPONSE COSTS

5.      **Payment of Response Costs**. Settling Defendants shall pay to EPA the principal amount of $410,000. The payment shall be made within 30 Days after the Effective Date and, if timely paid, shall include no Interest.

6.      Settling Defendant shall make payment by Fedwire Electronic Funds Transfer EFT to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office for the Southern District of Ohio after the Effective Date. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLU will provide the payment instructions to:

> Alan Levine
> Ace Iron & Metal Company

2515 Groveport Road
Columbus, OH 43207
alan@aceiron.net
(614) 443-5196

Martin H. Lewis
Tucker Ellis
175 South Third Street, Suite 520|
Columbus, Ohio 43215
Martin.lewis@tuckerellis.com
(614) 358-9305

on behalf of Settling Defendants. Settling Defendants may change the individual to receive
payment instructions on its behalf by providing written notice to DOJ and EPA of such change in
accordance with Section XIII (Notices and Submissions).

7.      **Deposit of Payment.** The total amount to be paid pursuant to Paragraph 5
(Payment of Response Costs) shall be deposited by EPA into the EPA Hazardous Substance
Superfund.

8.      **Notice of Payment.** At the time of payment, Settling Defendants shall send notice
that payment has been made: (a) to EPA in accordance with Section XIII (Notices and
Submissions), (b) to DOJ in accordance with Section XIII; and (c) to the EPA Cincinnati Finance
Center ("CFC") at:

**EPA CFC by email:**        cinwd_acctsreceivable@epa.gov

**EPA CFC by regular mail:**  EPA Cincinnati Finance Center
                             26 W. Martin Luther King Drive
                             Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, Site/Spill ID Number 05H5, and DJ Number 90-
11-3-279B.

### VII.     FAILURE TO COMPLY WITH CONSENT DECREE

9.      **Interest on Payment.** If Settling Defendants fail to make the payment required
by Paragraph 5 (Payment of Response Costs) by the required due date, Interest shall accrue on
the unpaid balance from the Effective Date through the date of payment.

10.     **Stipulated Penalty**

        a.      If any amounts due to EPA under Paragraph 5 (Payment of Response
Costs) are not paid by the required date, Settling Defendants shall be in violation of this Consent
Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 9
(Interest on Payments), $500 per Day that such payment is late.

6

b.    Stipulated penalties are due and payable within 30 Days after the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by Fedwire EFT to:

> Federal Reserve Bank of New York
> ABA = 021030004
> Account = 68010727
> SWIFT address = FRNYUS33
> 33 Liberty Street
> New York, NY 10045
> Field Tag 4200 of the Fedwire message should read "D 68010727 Environmental Protection Agency"

Each payment shall reference the CDCS Number, Site/Spill ID Number 05H5, and DJ Number 90-11-3-279B.

c.    At the time of payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Paragraph 8 (Notice of Payment).

d.    Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the Day after payment is due and shall continue to accrue through the date of payment. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

11.    If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

12.    Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

13.    Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section VI (Payment of Response Costs) or from performance of any other requirements of this Consent Decree.

## VIII.    COVENANTS BY PLAINTIFF

14.    Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), regarding the Site. With respect to present and future liability, these covenants shall take effect upon the Settling Defendants' payment of the amount due under Paragraph 5, which is due no later than 30 Days after the Effective Date. These covenants are conditioned upon the

7

satisfactory performance by Settling Defendants of their obligations under this Consent Decree. These covenants are also conditioned upon the veracity and completeness of the Financial Information provided to EPA by Settling Defendants and the financial, insurance, and indemnity certification made by Settling Defendants in Paragraph 26. These covenants extend only to Settling Defendants and do not extend to any other person.

## IX. RESERVATION OF RIGHTS BY UNITED STATES

15. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within Paragraph 14 (Covenants by Plaintiff). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

a. liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b. criminal liability;

c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

d. liability based on the ownership or operation of the Site by Settling Defendants when such ownership or operation commences after signature of this Consent Decree by Settling Defendants;

e. liability based on Settling Defendants' transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendants; and

f. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

16. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the Financial Information provided by Settling Defendants, or the financial, insurance, or indemnity certification made by Settling Defendants in Paragraph 26, is false or, in any material respect, inaccurate.

## X. COVENANTS BY SETTLING DEFENDANTS

17. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site and this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

8

b.     any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the State Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c.     any claim pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law, relating to the Site.

18.     Except as provided in Paragraph 20 (claims against other PRPs) and Paragraph 25 (Res Judicata and other Defenses), these covenants shall not apply in the event the United States brings a cause of action or issues an order pursuant to any of the reservations set forth in Section IX (Reservations of Rights by United States), other than in Paragraph 15.a (liability for failure to meet a requirement of the Consent Decree) or 15.b (criminal liability), but only to the extent that Settling Defendants' claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

19.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

20.     Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that it may have for response costs relating to the Site against each other or any other person who is a potentially responsible party under CERCLA at the Site. This waiver shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.

## XI.     EFFECT OF SETTLEMENT/CONTRIBUTION

21.     Except as provided in Paragraph 20 (claims against other PRPs), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section X (Covenants by Settling Defendants), each of the Parties expressly reserves any and all rights (including, but not limited to, under Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

22.     The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement pursuant to which Settling Defendants are resolving liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and are entitled, as of the date of Settling Defendants' payment under

9

Paragraph 5, due within 30 Days of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, except for the State; provided, however, that if the United States exercises rights under the reservations in Section IX (Reservations of Rights by United States), other than in Paragraphs 15.a (liability for failure to meet a requirement of Consent Decree) or 15.b (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

23.     The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which Settling Defendants are resolving liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

24.     Settling Defendants shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendants also shall, with respect to any suit or claim brought against them for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 days after service of the complaint or claim upon it. In addition, Settling Defendants shall notify EPA and DOJ within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

25.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VIII.

## XII.   CERTIFICATIONS BY SETTLING DEFENDANTS

26.     Settling Defendants certify that, to the best of their knowledge and belief, after thorough inquiry, they have:

a.      not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, documents, or other information (including records, reports, documents and other information in electronic form other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States and that it has fully complied with any and all EPA requests for information regarding the Site and Settling Defendants' financial circumstances, including but not limited to insurance and indemnity

10

information, pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B);

b.      submitted to EPA financial information that fairly, accurately, and materially sets forth its financial circumstances, and that those circumstances have not materially changed between the time the Financial Information was submitted to EPA and the time Settling Defendants execute this Consent Decree; and

c.      fully disclosed any information regarding the existence of any insurance policies or indemnity agreements that may cover claims relating to cleanup of the Site, and submitted to EPA upon request such insurance policies, indemnity agreements, and information.

## XIII.  NOTICES AND SUBMISSIONS

27.     Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

**As to DOJ by email:**           eescasemanagement.enrd@usdoj.gov

**As to DOJ by regular mail:**    EES Case Management Unit
                                  U.S. Department of Justice
                                  Environment and Natural Resources Division
                                  P.O. Box 7611
                                  Washington, D.C. 20044-7611
                                  Re: DJ # 90-11-3-279B

**As to EPA:**                    Sarah Stillman
                                  Assistant Regional Counsel
                                  Office of Regional Counsel, C-14J
                                  77 W. Jackson
                                  Chicago, Illinois 60604

                                  Katherine Thomas
                                  Remedial Project Manager
                                  Superfund Division, SR-6J
                                  77 W. Jackson
                                  Chicago, Illinois 60604

**As to Setting Defendants:**     Alan Levine
                                  Ace Iron & Metal Company
                                  2515 Groveport Road
                                  Columbus, OH  43207
                                  alan@aceiron.net

11

(614) 443-5196

Martin H. Lewis
Tucker Ellis
175 South Third Street, Suite 520|
Columbus, Ohio 43215
Martin.lewis@tuckerellis.com
(614) 358-9305

## XIV.  RETENTION OF JURISDICTION

28.     This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV.  INTEGRATION/APPENDICES

29.     This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the map of the Site.

"Appendix B" is a list of the financial documents submitted to EPA by Settling Defendants.

## XVI.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

30.     This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

31.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any Party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

## XVII.  SIGNATORIES/SERVICE

32.     Each undersigned representative of Settling Defendants and the United States certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

33.     Settling Defendants agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

12

34.     Settling Defendants shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on their behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendants agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVIII. FINAL JUDGMENT

35.     Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendants. The Court finds that there is no just reason for delay and therefore, enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 4th DAY OF January , 2017.

WALTER HERBERT RICE
United States District Judge

13

Signature Page for Consent Decree with Settling Defendants Ace Iron & Metal Company and
Alan Levine Regarding the United Scrap Lead Superfund Site

**FOR THE UNITED STATES OF AMERICA**:

10/4/17
Dated

Karen S. Dworkin
Deputy Section Chief
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611

Alison C. McGregor
Trial Attorney
Deborah M. Reyher
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611
mcgregor.alison@usdoj.gov
202-514-1491

Benjamin C. Glassman
United States Attorney
Southern District of Ohio

Kevin Koller
Assistant United States Attorney
Southern District of Ohio
Federal Building, Ste. 602
200 W. Second Street
Dayton, OH 45400
(937) 225-2910

14

Signature Page for Consent Decree with Settling Defendants Ace Iron & Metal Company and
Alan Levine Regarding the United Scrap Lead Superfund Site

**ON BEHALF OF EPA:**

Margaret M. Guerriero
Acting Director, Superfund Division, Region 5
U.S. Environmental Protection Agency
77 W. Jackson, R-19J
Chicago, IL 60604

Sarah J. Stillman
Associate Regional Counsel, Region 5
U.S. Environmental Protection Agency
77 W. Jackson, C-14J
Chicago, IL 60604

15

Signature Page for Consent Decree with Settling Defendants Ace Iron & Metal Company and
Alan Levine Regarding the United Scrap Lead Superfund Site

**FOR ACE IRON & METAL COMPANY AND ALAN LEVINE:**

Aug 17, 2017
Date

Alan Levine
President, Ace Iron & Metal Company
2515 Groveport Road
Columbus, OH 43207
alan@aceiron.net
(614) 443-5196

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Martin H. Lewis
Tucker Ellis
175 South Third Street, Suite 520|
Columbus, Ohio 43215
Martin.lewis@tuckerellis.com
(614) 358-9305

16

Consent Decree with Defendants Ace Iron & Metal Company
and Alan Levine in
*United States of America v. the Atlas-Lederer Company, et al.,*
3: 91-CV-309 (S.D. Ohio)

# APPENDIX A



United Scrap Lead
Remedial Investigation
Section: 1
Revision No.: 0
Date: February 19, 198
Page: 2 of 14

TROY

RAILROAD DEPOT

Miami Shores
Golf Course

UNITED SCRAP LEAD SITE

Island No 3

OHIO

Source: USGS- Troy, OHIO
7½ Min. Quadrangle Map
Photorevised 1982

1000    0    1000    2000    feet

FIGURE 1-1
GENERAL SITE LOCATION

Consent Decree with Defendants Ace Iron & Metal Company
and Alan Levine in
*United States of America v. the Atlas-Lederer Company, et al.,*
3: 91-CV-309 (S.D. Ohio)

# APPENDIX B

| row | Document | Document Date | Date Provided |
|---|---|---|---|
| 1 | 2010-2012 Ace Consolidated Financial Statements | 2010-2012 | 4/25/2013 |
| 2 | 2009-2010 Ace Iron & Metal U.S. Income Tax Returns | 2009-2010 | 4/25/2013 |
| 3 | 2009-2010 Alan Levine U.S. Individual Income Tax Return | 2009-2010 | 4/25/2013 |
| 4 | 2011 Ace Iron & Metal U.S. Income Tax Returns | 2011 | 9/24/2013 |
| 5 | 2011 Alan Levine U.S. Income Tax Returns | 2011 | 7/7/2014 |
| 6 | Alan Levine Individual Ability to Pay Claim Financial Data Request Form | 5/13/2013 | 5/15/2015 |
| 7 | 2012 and 2013 Ace Iron & Metal U.S. Income Tax Returns | 2012 and 2013 | 9/2/2015 |
| 8 | 2012 Alan Levine U.S. Individual Income Tax Return | 2012 | 9/2/2015 |
| 9 | 2014 Ace Consolidated Financial Statements | 2014 | 9/2/2015 |
| 10 | 2009-2012 Tax Returns for the Alan Levine Family Irrevocable Trust | 2009-2012 | 9/2/2015 |
| 11 | Delegation and E-mail Authorization Letter from 1662 Williams LLC to PNC Bank | 8/4/2015 | 10/14/2015 |
| 12 | Resolutions for Extensions of Credit and Incumbency Certificate between PNC Bank and 1662 Williams LLC | 8/4/2015 | 10/14/2015 |
| 13 | Ace Iron & Metal Financial Statements from Jan to July 2015 | 7/30/2015 | 10/14/2015 |
| 14 | Delegation and E-mail Authorization Letter from Ace Iron & Metal to PNC Bank | 8/4/2015 | 10/14/2015 |
| 15 | Resolutions for Extensions of Credit and Incumbency Certificate between PNC Bank and Ace Iron & Metal | 8/4/2015 | 10/14/2015 |
| 16 | Alan Levine Family Irrevocable Trust Agreement | 12/8/1992 | 10/14/2015 |
| 17 | Consent of Guarantor by Alan Levine | 6/16/2014 | 10/14/2015 |
| 18 | Amendment to Loan Documents between Ace Iron & Metal and PNC Bank | 8/4/2015 | 10/14/2015 |
| 19 | 2013-2014 Tax Returns for the Alan Levine Family Irrevocable Trust | 2013-2014 | 11/5/2015 |
| 20 | 2014 Ace Iron & Metal U.S. Income Tax Returns | 2014 | 11/5/2015 |
| 21 | 2013-2014 Alan Levine U.S. Individual Income Tax Return | 2013-2014 | 11/5/2015 |
| 22 | Alan Levine Individual Ability to Pay Claim Financial Data Request Form | 11/6/2015 | 11/10/2015 |
| 23 | Loan Agreement between Ace Iron & Metal and PNC Bank | 7/30/2014 | 11/10/2015 |
| 24 | Security Agreement between 1662 Williams LLC and PNC Bank | 7/30/2014 | 11/10/2015 |
| 25 | Loan Agreement between 1662 Williams LLC and PNC Bank | 1/1/2012 | 11/10/2015 |
| 26 | Open-End Mortgage and Security Agreement between PNC Bank and 1662 Williams LLC | 1/1/2012 | 11/10/2015 |
| 27 | Term Note between Ace Iron & Metal, 1662 Williams LLC, and PNC Bank | 1/1/2012 | 11/10/2015 |
| 28 | Amendment to Loan Documents between Ace Iron & Metal and PNC Bank | 12/19/2013 | 11/10/2015 |
| 29 | Amended and Restated Committed Line of Credit Note between Ace Iron & Metal and PNC Bank | 10/1/2013 | 11/10/2015 |
| 30 | Second Amended and Restated Committed Line of Credit Note between Ace Iron & Metal, 1662 Williams LLC, and PNC Bank | 7/30/2014 | 11/10/2015 |
| 31 | Amended, Restated, and Consolidated Loan Agreement between Ace Iron & Metal, 1662 Williams LLC, and PNC Bank | 7/30/2014 | 11/10/2015 |
| 32 | Amendment to Loan Documents between Ace Iron & Metal and PNC Bank | 7/30/2014 | 11/10/2015 |
| 33 | Documents supporting the Alan Levine Family Irrevocable Trust 2012 Tax Returns | 2012 | 11/23/2015 |
| 34 | Documents supporting the Alan Levine Family Irrevocable Trust 2013 Tax Returns | 2013 | 11/23/2015 |
| 35 | Documents supporting the Alan Levine Family Irrevocable Trust 2014 Tax Returns | 2014 | 11/23/2015 |
| 36 | Alan Levine Personal Financial Statement | 6/18/2014 | 12/28/2015 |
| 37 | Alan Levine Personal Financial Statement | 11/3/2015 | 12/28/2015 |
| 38 | Alan Levine Personal Financial Statement | 6/25/2015 | 12/28/2015 |
| 39 | Amendment to Loan Documents between Ace Iron & Metal, 1662 Williams LLC, and PNC Bank | 11/30/2015 | 12/28/2015 |

| 40 | Cognovit Promissory Note between Ace Iron & Metal and Mark H. Levine, Trustee for the Alan Levine Family Irrevocable Trust | 5/7/2012 | 12/28/2015 |
|---|---|---|---|
| 41 | Subordination Agreement between Ace Iron & Metal, PNC Bank, and the Alan Levine Family Irrevocable Trust | 5/28/2013 | 12/28/2015 |
| 42 | Release of Certain Rights Under the Alan Levine Irrevocable Trust | 8/8/1998 | 2/3/2016 |
| 43 | Letter from Martin H. Lewis to Alison McGregor | 6/24/2016 | 6/27/2016 |
| 44 | Summary of Plante & Moran, PLLC value of Ace Iron & Metal Co. | 6/21/2016 | 6/27/2016 |
| 45 | U.S. vs Atlas Lederer Company, et al., Affadavit of Larry Katz | 6/23/2016 | 6/27/2016 |
| 46 | Private Settlement Agreement between Alan Levine, Mark Levine, Barbara Altman, Kandi Dach, and Francine Marger | 12/18/2012 | 6/27/2016 |
| 47 | PNC Bank Account Statements for Ace Iron & Metal Co. | 2012-2015 | 6/27/2016 |
| 48 | Merrill Lynch Statements for the Levine Trust | 2010-2016 | 6/27/2016 |
| 49 | UBS Statements for the Levine Trust and others | 2012-2016 | 6/27/2016 |
| 50 | TD Ameritrade Statements for the Levine Trust | 5/31/2016 | 6/27/2016 |
| 51 | Merrill Lynch Statements for the Levine Trust | 2001-2009 | 8/3/2016 |
| 52 | UBS Statements for the Levine Trust | 2006-2015 | 8/3/2016 |
| 53 | Morgan Stanley Statements for the Levine Trust | 2006-2015 | 8/3/2016 |
| 53 | Letter from Martin H. Lewis to Judge Sharon L. Ovington | 5/9/2017 | 5/9/2017 |
| 54 | 2015 U.S. Income Tax Return for Ace Iron and Metal Co. | 2015 | 5/9/2017 |
| 55 | Loan and Security Agreement between First Business Capital Corp. and Ace Iron & Metal | 10/18/2016 | 5/9/2017 |
| 56 | 2016 W-2 and Earnings Summary for Alan Levine from Ace Iron and Metal | 2016 | 5/9/2017 |
| 57 | Ace Iron & Metal Co. and Subsidiary Consolidated Financial Report for 2016 | 5/4/2017 | 5/9/2017 |